LEBRÓN, APPELLANT, v. REGISTRAR OF GUAYAMA,
RESPONDENT.

APPEAL from a Decision of the Registrar of Property
Refusing to Record a Possessory Title.

No. 503.—Decided December 23, 1921.

POSSESSORY TITLE—TIME OF POSSESSION—EVIDENCE.—In a possessory title pro-
ceeding where the original petition avers that the petitioner acquired the
property by inheritance from his father who had been dead for more than
twenty years, possession for at least twenty years is sufficiently alleged; and
one of the witnesses having testified that the petitioner had held the property
since the death of his father when the witness, now fifty-eight years old, was
very young; and another witness having testified that the petitioner had held
the property for twenty or thirty years, their testimony was limited to that
time of possession and it is necessary to conclude that the evidence and the
petition comply with number 4 of subdivision 1 and paragraph 2 of subdivi-
sion 3 of section 391 of the Mortgage Law.

ID.—VALUE OF PROPERTY—TAXES.—It being alleged in the petition that the value
of the property in question is $120, which is taxable under section 291 of the
Political Code, the possessory title is not recordable if the appellant does not
show that he pays the taxes on the property as owner.

The facts are stated in the opinion.
*Mr. C. Domínguez Rubio* for the appellant.
The respondent appeared by brief.
MR. JUSTICE ALDREY delivered the opinion of the court.

Florencio Lebrón Santiago filed a petition in the District
Court of Guayama alleging that he held quiet and peaceful
possession of a described property which he had acquired
by inheritance from his father who had been dead for more
than twenty years; that its value was $120; that no taxes
were paid into the insular treasury on the property, and that
he had no written recordable title.

After due proceedings the court entered a possessory title
judgment, without prejudice to third persons, and ordered
that it be recorded in the registry of property, but when the
original record was presented in the registry the registrar
refused to record it for the reason that " * * * the peti-
tion does not show how long the petitioner has had possession
of the property in question and the witnesses who testified

at the hearing, Aureliano and Filomeno Ramos, did not restrict their testimony to the length of time of possession by the said petitioner   *   *   *.'' In the brief filed by the registrar in the present appeal from his said decision he discusses the proposition whether the petition in a possessory title proceeding must state expressly the period of possession, or whether it is sufficient, as seems to be deduced from this petition, that that fact be set up in an ambiguous manner subject to the construction that the registrar may put upon it.

Thus, the language of the decision as regards this ground of refusal to record the title and the registrar's brief clearly show that the first reason he had for refusing to record the title was because neither the petition instituting the possessory title proceeding nor the testimony of the witnesses shows the length of time that the petitioner had held possession, and, therefore, we must consider and decide in this case whether the time of possession was sufficiently alleged and proved in such a manner as to comply with subdivision 1, paragraph 4, and subdivision 3, paragraph 2, of article 391 of the Mortgage Law, which provide that the petition for the institution of the proceeding shall state the time of the possession, and that the witnesses shall limit their testimony to the time during which the petitioner may have had possession, among other things.

It seems to us that it being alleged in the petition that the petitioner had held possession of the property since the death of his father which had occurred more than twenty years before, it was expressed clearly that his possession had run for at least twenty years and, therefore, that the length of his possession was sufficiently alleged. As one of the witnesses testified that Florencio Lebrón had held possession of the property since the death of his father, which occurred when the witness, now fifty-eight years old, was very young, and the other witness, testified that the peti-

tioner had held possession of the property for twenty or thirty years, we think their testimony was limited to possession for at least twenty years, as alleged by the petitioner.

Galindo and Escosura, in their Commentaries on the Mortgage Law, fourth edition, volume 4, page 592, say that it is not necessary to determine the time of taking possession, but that it is sufficient to fix the year or say how many years the property had been in the possession of the petitioner.   Therefore, we must conclude that the first ground of the registrar's refusal is untenable.

The refusal to record the title is also based on the fact that the petitioner did not show, either by the last tax receipt or by some other document, that the predecessor in possession had paid the taxes on the property in question, or, if not, that the Treasurer of Porto Rico had decided whether the property was taxable or exempt from taxation.

According to paragraphs 1 and 3 of subdivision 4 of article 391 above cited, in possessory title proceedings there shall be presented a certificate issued by the authority charged with the collection of the territorial tax, stating clearly, with reference to the assessment rolls or other data, that the person interested pays the tax as owner.   The petitioner presented a certificate of the Treasurer of Porto Rico to the effect that Florencio Lebrón did not appear as paying taxes within the municipality of Guayama for the year 1920–1921 on a rural property in the ward of Guamaní, and the appellant contends that this is sufficient compliance with the statutes cited, in accordance with the case of *Castro* v. *Registrar,* 23 P. R. R. 217.   In that case we did not hold that it is sufficient in possessory proceedings that the certificate of the Treasurer of Porto Rico should show that the property does not appear assessed for the payment of taxes. What we held was that the Treasurer should certify that the property was exempt from taxation or else it should

be proved that its value, as alleged in the petition, was less than the minimum taxable value. But in the case now before us the petition averred that the property was worth $120, which is taxable under section 291 of the Political Code, and, hence, the appellant was bound to prove that he paid the taxes thereon as owner.

For the last-mentioned reason the decision appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.